**In re John A. LEO, Debtor.**

**Bankruptcy No. 79–01283.**

United States Bankruptcy Court,
E. D. Virginia,
Alexandria Division.

March 31, 1980.

Robert O. Tyler, trustee in bankruptcy, Alexandria, Va.

Henry Counts, Jr., Alexandria, Va., for debtor.

Francis P. Dicello, U. S. trustee, Washington, D. C.

## MEMORANDUM OPINION

MARTIN V. B. BOSTETTER, Jr., Bankruptcy Judge.

Petitioner, John A. Leo, filed a petition in bankruptcy on December 11, 1979. On January 30, 1980, petitioner, by counsel, filed a motion requesting that the Court permit petitioner to withdraw his petition in bankruptcy without prejudice. Said motion was heard by the Court on March 4, 1980, and duly taken under advisement. The Bankruptcy Code is applicable in this matter.

Briefly, the facts alleged by the petitioner are as follows:

Petitioner states that he filed a voluntary debtor's petition, *pro se*, because of pending legal actions against him. Prior to filing his petition however, he sought the assistance of a Maryland Pre-paid Legal Service (Maryland Service) to which he belonged. Petitioner asserts that the Maryland Service directed him to its retained counsel in Virginia, one William Evans, for further action on his case.

Petitioner testified that Evans refused or failed to prepare a petition for ten months following their initial meeting. When petitioner decided to prepare a petition, *pro se*, he sought the guidance of employees (presumably attorneys) of the Maryland Service as how to properly complete the debtor's petition. Petitioner testified further that he complied fully with the instructions given to him by the Maryland Service. The petition filed, *pro se*, by petitioner failed to incorporate all the rights and benefits accorded to a debtor under the Bankruptcy Code.

It is the position of the United States Trustee that there exist equitable grounds for dismissal as requested by petitioner. However, he further asserts that a decision by the Court to allow petitioner to withdraw his motion should be limited to the unique facts of the case. It must be noted,

as a general rule, that to permit petitioners to withdraw their petitions on grounds of error of judgment alone by counsel would place a great burden on the administration of petition matters before the Court.

However, in the instant case, it would appear that the petitioner has shown just cause as to why his petition should be withdrawn and, accordingly, an Order will be entered permitting withdrawal of the petition based upon the circumstances of this particular case.